UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| I AM CAMERON MICHAEL DOYLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | SA-25-CV-701-JKP (HJB) |
| | § | |
| STATE OF ARIZONA, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Jason K. Pulliam:**

This Report and Recommendation concerns the status of this case, which was automatically referred to the undersigned for disposition of the application to proceed *in forma pauperis* ("IFP") and a review under 28 U.S.C. § 1915(e), pursuant to this Division's October 8, 2019, Standing Order.[1]   For the reasons set out below, I recommend that Plaintiff's case be **DISMISSED** pursuant to 28 U.S.C. § 1915(e).

In IFP cases like this one, § 1915 requires that the court "dismiss the case at any time" if it determines that the complaint "fails to state a claim on which relief may be granted."   28 U.S.C. § 1915(e)(2)(B)(ii).   "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting FED. R. CIV. P. 8(a)(2)).   However, to state a claim upon which relief may be granted, the complaint must include "enough facts to state a claim to relief that is plausible on its face."   *Twombly*, 550 U.S. at 570.   And a claim has facial plausibility

---

[1] The 2019 divisional standing order has recently been replaced by a largely identical standing order, available on the Western District of Texas website and accessible via the following link: https://perma.cc/8ASX-URDC.

only "when the pleaded factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Complaints filed by *pro se* litigants are entitled to a liberal construction and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even so, a *pro se* plaintiff still must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).

In his complaint, Plaintiff asserted civil rights claims against the State of Arizona for violations of his constitutional rights, alleging that the State (presumably through its officials) assaulted him repeatedly, seized his property, and deprived him of medical care. (Docket Entry 4, at 2–3.) He sought declaratory and injunctive relief as well as compensatory and punitive damages under 42 U.S.C. § 1983. (*Id.* at 4.)

Claims such as those presented by Plaintiff cannot be brought against a state. Section 1983 "provides a federal cause of action against any *person* who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999) (emphasis added). A state is not a person for purposes of § 1983. *Will v. Mich Dep't of State Police*, 491 U.S. 58, 70 (1989). Consequently, courts must dismiss § 1983 claims brought against "[s]tates and governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Will*, 491 U.S. at 70.

Additionally, the claims that Plaintiff presented were barred by the Eleventh Amendment to the Constitution. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted

2

against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST., amend. XI. While Eleventh Amendment immunity can be waived, the Supreme Court has held that § 1983 does not provide a basis upon which states may waive their sovereign immunity because the statute creates no remedy against states, but only against persons. *Arizonans for Off. English v. Ariz.*, 520 U.S. 43, 69 (1997).

For the above reasons, Plaintiff's original complaint was subject to dismissal. However, as a *pro se* litigant, Plaintiff was entitled to an opportunity to amend his complaint to try to state a valid claim. *Neitzke v. Williams*, 490 U.S. 319, 329 (1989). Accordingly, the undersigned ordered Plaintiff to show cause why his complaint should not be dismissed, by filing an amended complaint stating a plausible, non-frivolous claim for relief. (Docket Entry 3.) The Show Cause Order admonished Plaintiff that failure to file the amended complaint as ordered could result in dismissal of his case without further opportunities to amend. (*See id.* at 3 (citing *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009), and *Dark v. Potter*, 293 F. App'x 254, 257 (5th Cir. Aug. 26, 2008)).

Plaintiff did not respond as required by the Show Cause Order. Accordingly, pursuant to § 1915(e)(2)(B)(ii), his case should be dismissed for failure to state a claim for relief.

**Instruction for Service and Notice for Right to Object.**

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Report and Recommendation must be

filed **within 14 days** after being served with a copy of the same, unless this time period is modified by the District Court.    28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

The parties shall file any objections with the Clerk of the Court and serve the objections on all other parties.    An objecting party must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; "objections that are frivolous, conclusory, or general in nature needn't be considered."    *Williams v. Lakeview Loan Serv. LLC*, 694 F. Supp. 3d 874, 881 (S.D. Tex. 2023) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a *de novo* review by the District Court.    *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).    Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to, proposed findings and conclusions accepted by the district court.    *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on August 13, 2025.

_____
Henry J. Bemporad
United States Magistrate Judge